**CLERKS OF COURT**

**COURTS AND JUDGES – JUDICIAL ADMINISTRATION – PERSONNEL – AUTHORITY TO IMPLEMENT REORGANIZATIONS RESULTING IN EMPLOYEE DEMOTIONS**

February 16, 1995

*Mr. George B. Riggin, Jr.*
*State Court Administrator*

You have requested our opinion whether certain language in uncodified Section 4 of Chapter 515, Laws of Maryland 1990, constrains the clerks of the circuit courts from implementing reorganizations within their offices that might lead to employee demotions as a result of reassignments of job duties.

For the reasons stated below, we conclude that Section 4 of Chapter 515 does not preclude employee demotions resulting from a reorganization within a clerk's office.[1]  Of course, any personnel actions of this kind must be consistent with applicable personnel procedures.

**I**

**Analysis**

As stated in 79 *Opinions of the Attorney General* 29 (1994), "the laws governing the business and operations of the circuit court clerks' offices were amended in several respects in 1990."  In Chapter 515, which was part of these 1990 amendments, the General Assembly amended various provisions governing the funding and operations of the clerks' offices, including several in Title 2 of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code.  More particularly, CJ §2-505 provides that the number of positions in these offices are to be as provided in the budget; pursuant to rules

---

[1] Your request does not provide detail about any particular reorganization that might be contemplated.  We shall be happy to provide you with advice about a specific proposal should you require it.

adopted by the Court of Appeals, the positions may be in either the State classified or unclassified service or the Judicial Branch personnel system; and the salaries for the positions are to be set by the Chief Judge and included in the State budget for the Judicial Branch.[2]  The Court of Appeals opted for a separate personnel system within the Judicial Branch.  Under Rule 1212d, "standards and procedures for the selection, appointment, promotion, reclassification, transfer, demotion, suspension, discharge or other discipline" of clerks' office employees are the responsibility of the State Court Administrator, subject to the approval of the Court of Appeals.[3]

Section 4 of Chapter 515 provides "[t]hat the Deputy Clerks and employees of the Offices of the Clerks of Court who hold their positions as of June 30, 1990 shall continue to do so without diminution of salary, benefits, rights, or privileges."  This provision is a standard section included in bills that either transfer employees from one agency or office to another or that reorganize an agency or office.  The drafting manual in use in 1990 recommended that such a bill address various aspects of the transition and perhaps specify "that there should be no diminution in salary, benefits, etc." of the affected employees.  Department of Legislative Reference, *Legislative Drafting Manual 1989*, at 75.[4]

---

[2] Prior to these changes, the positions within the clerks' offices were not within any personnel system, except those in Baltimore City and Washington County.  *See* former Article IV, §26 of the Maryland Constitution and CJ Title 2, Subtitle 5A.  Salaries were set by the Secretary of Personnel, and budgets for the clerks' offices, reflecting the number of positions, were reviewed by the Comptroller and included within the State budget for the Executive Branch. *See* former CJ §§2-202, 2-205, and 2-505.

[3] Article IV, §26 of the Constitution provides as follows: "Deputy clerks and other employees of the office of the Clerk shall be appointed and removed according to procedures set by law."  Rules of the Court of Appeals are "law," of course.  *See* Article IV, §18(a).

[4] An example given in the manual addresses the transfer of employees from the Baltimore City Circuit Court Clerk's Office Pre-Trial Release Services Division to the Department of Public Safety and Correctional Services, Division of Parole and Probation.

The function of this special section is to prevent any unintended diminution in salary and employment benefits as a direct result of the legislative reorganization.[5] Section 4 held the employees harmless from the implementation of Chapter 515 itself.

The section was not intended to preclude subsequent diminutions in position or salary that might result from reorganizations implemented by management years later. To construe this special section as a *perpetual* bar to personnel shifts would unduly constrain legislatively reorganized agencies and offices from making management decisions within their authority.[6] Instead of merely preserving the status quo in the immediate aftermath of the legislative reorganization, the special section would then afford employees in such reorganized agencies and offices benefits not afforded other State employees. Such a reading, which is not suggested by the section's language or apparent purpose, would be unreasonable.[7]

---

[5] Thus, for example, pension rights under former Article 73B, §117 of employees appointed as deputy clerks under former Article IV, of §26 of the Constitution were not intended to be affected by the 1990 amendments to the Constitution and Code. The rules adopted by the Court of Appeals pursuant to the amended constitutional provisions and statutes expressly address these pension rights. *See* Rule 1212c.

[6] For example, the 1987 legislation "reorganizing State government by creating and establishing as principal departments of State government the Department of Economic and Employment Development and the Department of Housing and Community Development" contained an uncodified section providing that every employee of the several prior departments affected by the reorganization "shall transfer without any change or loss of rights, benefits, entitlements, or status ...." Section 4 of Chapter 311, Laws of Maryland 1987. It is inconceivable that the General Assembly intended to guarantee forever that all of these employees, surely numbering in the thousands, would never be adversely affected by a subsequent reorganization.

[7] The managerial authority of the Court of Appeals over the clerks' offices is explicit in the Constitution: "The office and business of the Clerks, in all their departments, shall be subject to and governed in accordance with rules adopted by the Court of Appeals ...." Article IV, §10(a)(2). *See also* note 3 above and accompanying text. Therefore, an excessively broad reading of Section 4 of Chapter 515 would raise serious constitutional questions.

## II

## Conclusion

In summary, it is our opinion that Section 4 of Chapter 515 of the Laws of Maryland 1990 does not preclude possible demotions and diminutions of salary that may result from reorganizations within the offices of the circuit court clerks.

J. Joseph Curran, Jr.
*Attorney General*

Julia M. Freit
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*